## BOLTZ *et al. v.* EAGON.

*(Circuit Court, E. D. Missouri, E. D.    April 9, 1888.)*

ATTACHMENT—INTERVENTION—PLEADING—JUDGMENT BY DEFAULT.

Where property in the possession of an assignee under the Missouri statutes for the benefit of creditors has been seized on a writ of attachment issuing from the federal court in a suit against the assignor, the petition of intervention, filed by leave of court in the attachment suit, by the assignee claiming the restoration of the property, is not a statutory interplea under the Missouri statutes; and the failure of the plaintiff in the attachment suit to answer the petition, the attaching officer having duly filed his answer, will not entitle defendant to a judgment by default.

In Equity.    Intervention in attachment.    On motion for judgment by default.

*Dyer, Lee & Ellis,* for plaintiffs.

*Henry W. Bond,* for intervenor.

THAYER, J., *(orally.)*    In this case it appears that Lehman, assignee of Eagon, intervened in the case, and moved to quash an attachment writ issued against Eagon, which had been levied on the assigned effects, claiming that the goods were in the custody of the law, and not subject to levy under an attachment or execution.    This motion was denied some days since, for reasons then given, but the court announced at the time that, if the assignee demanded the goods *in specie* for the purposes of his trust, and was unwilling to resort to his common-law or statutory remedy against the marshal for a wrongful levy, it would entertain an intervening petition in the case, on the authority of *Gumbel* v. *Pitkin,* 8 Sup. Ct. Rep. 379, (a case recently decided by the supreme court of the United States,) and try the question of the marshal's right to make the levy, and in the mean time would direct him to postpone the sale of the property *pendente lite,* which had then been ordered and advertised. Acting presumptively on this intimation, the assignee asked and obtained leave to file an intervening petition, and at his instance the sale of the property was postponed to await the determination of the marshal's right to make the levy in question.    In other words, as the property could not be replevied from the marshal under the rule which obtains in the federal courts, the court aimed to give the assignee the full benefit efit of a writ of replevin by means of an intervening petition under the authority above cited.    This right was accorded in view of the fact that the assignee would have had the right to reclaim the property by a writ of replevin, if the seizure had been made under process emanating from a state court.

It is now insisted that the intervening petition filed in pursuance of the leave so given is a statutory interplea under the Missouri statutes; and a default is asked against the plaintiffs in the attachment, because they have not answered the interplea, although the marshal has duly answered the intervention and asserted that he rightfully levied on the

property. It is, perhaps, sufficient to say that, if the claim interposed by the assignee, Lehman, under the circumstances stated, is a statutory interplea, there was no occasion to ask leave to file it, as the statute confers that right without leave, in this court as well as in the state courts, in attachment cases; and in that view there would have been no occasion for postponing the sale and holding the property at an expense to all parties, as an interplea could have been maintained as well whether the property was sold or not sold. Furthermore, if it is a statutory interplea, it is not regularly triable before the return-term of the main suit, to-wit, in September next, whereas the court, at the instance of the assignee, has already set the intervening petition for a hearing at this term, to the end that the property may be speedily restored to the assignee if the levy was wrongfully made. For the reasons stated, I am compelled to regard the claim now on file not as a statutory interplea, but as an intervention, such as is authorized by the case of *Gumbel* v. *Pitkin*, before mentioned. The intervening petition suggests, in effect, that the marshal has abused the process of the court by levying on the property of a third person not named in the writ; and, inasmuch as it cannot be taken from him by a writ of replevin, because he holds under color of legal process, and inasmuch as the claimant desires the property itself, the court undertakes to determine the question of the marshal's right to make the seizure under an intervening petition filed in the case, and in the mean time to withhold the property from sale, to the end that it may be restored *in specie* to the true owner. The power of the court to entertain such petition, and order the property to be restored, if the claim is supported by proof, springs from its right to control its own processes, and guard against any abuse of the same, as was held in the case before cited.

It goes without saying that the marshal is the only necessary party to a proceeding such as I have described. The attaching creditors may, if they like, answer and defend the intervention in the marshal's name, if he permits them to do so. It was perhaps unnecessary to require any formal answer to the intervening claim, but it was thought best to allow the marshal to answer the intervention, and justify his action by a pleading, if he saw fit to do so. Inasmuch as the claim is interposed in a suit brought by the attaching creditors, there can be very little doubt, I apprehend, that, whether they file an answer or not, the order finally made will be binding on them; and because it will be binding on them, they have the right, no doubt, to answer in their own behalf, and to be heard in support of the same, if they so elect. But if they do not elect to answer in their own name, the court will not compel them to do so. The marshal has assumed to levy on property in the possession of the assignee. The assignee insists that the levy was wrongfully made, and that the property should be restored. The controversy, therefore, in this proceeding is primarily between the marshal and the assignee.

I have examined all the cases cited bearing on the question of pleading and practice when a statutory interplea is filed, but for reasons which are apparent from what has been before said, I consider them in-

applicable to the case in hand, even if it be conceded that they decide all that is claimed for them by the assignee's counsel. This is a summary proceeding, calculated to restore the property *in specie* to the assignee, and at once, if it has been taken from his possession by an abuse of the process of this court. The motion for a default against the plaintiffs in the attachment is therefore overruled.

I will add that it is suggested by counsel in the case that, inasmuch as the marshal summons jurors in this court, it is erroneous to frame an issue against the marshal for trial before a jury which he has summoned. The attention of counsel is called to the fact that jurors in this court, as in the state court, are drawn by lot, and that, if the assignee had brought a suit of replevin against the sheriff of the city of St. Louis, the case would have been tried before a jury summoned by the sheriff of the city in the same manner that he is compelled in this court to try the issue before a jury summoned by the marshal. There is no merit in that suggestion.